UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


WILLIAM LAWRENCE,

    Plaintiff,

v.                                      CASE NO. 8:18-cv-738-T-26TGW

ACE AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

**O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of the procedural history of this case, together with the Plaintiff's submissions, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand (Dkt. 12) is denied. It is well-settled that a federal court has an "unflagging obligation" to exercise the jurisdiction conferred on it, "and this case presents nothing so extraordinary as to eviscerate that obligation." Jackson-Platts v. Gen. Electric Capital Corp., 727 F.3d 1127, 1131 (11th Cir. 2013). Additionally, in light of this "unflagging obligation" to exercise the jurisdiction conferred on this Court, the Court is only authorized to defer to a parallel state court proceedings under limited and exceptional circumstances, none of which are present in this case. See Moorer v. Demopolis Waterworks and Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004). Furthermore,

this Court is more than familiar with the principles of Florida law governing a Coblentz[1] agreement which is at the core of this removed case.  See Culbreath Isles Prop. Owners Ass'n, Inc. v. Travelers Cas. & Sur. Co. of Am., 151 F.Supp.3d 1282 (M.D. Fla. 2015), *aff'd*, 841 F.3d 1197 (11th Cir. 2016).

Plaintiff's Unopposed Motion for Extension of Time to File Response to Motion to Dismiss (Dkt. 13) is denied as moot.  Plaintiff shall file a response to Defendant's Motion to Dismiss within the time frame imposed by Local Rule 3.01(b).

**DONE AND ORDERED** at Tampa, Florida, on April 10, 2018.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[1]  See Coblentz v. American Sur. Co., 416 F.2d 1059 (5th Cir. 1969).