UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM LAWRENCE,

       Plaintiff,

v.                                                   Case No. 8:18-cv-738-T-24 TGW

ACE AMERICAN INSURANCE
COMPANY,

       Defendant.
_____/

## **ORDER**

This cause comes before the Court on USAA Casualty Insurance Company's Motion to Intervene. (Doc. No. 19). Defendant Ace American Insurance Company opposes the motion. (Doc. No. 24). As explained below, the motion is granted.

**I. Background**

Plaintiff William Lawrence alleges the following in his amended complaint (Doc. No. 15): Defendant Ace American Insurance Company ("Ace") issued a business auto policy to Jacobs Engineering Group, Inc./Jacobs Technology ("Jacobs"). Jacobs employed Benjamin Wintersteen, and Jacobs provided Wintersteen with use of a rental vehicle from Hertz during part of his employment.

While driving the rental vehicle, Wintersteen injured Plaintiff Lawrence in a car accident. Lawrence sued Wintersteen, and Wintersteen sought coverage under the Ace insurance policy. Wintersteen had insurance coverage through USAA. Ace denied coverage.

Eventually Lawrence, Wintersteen, USAA Casualty, and USAA UM settled Lawrence's claims by entering into a stipulated judgment. Specifically, they agreed that Lawrence sustained

damages totaling $750,000, and they agreed to the entry of a $750,000 judgment against Wintersteen. In partial satisfaction of that judgment, Lawrence was paid $100,000 from Hertz and $250,000 from USAA Casualty ("USAA"); the remaining $400,000 remains unpaid. Wintersteen assigned to Lawrence his rights to sue Ace in exchange for Lawrence agreeing not to execute the unpaid $400,000 judgment against him.

Thereafter, Lawrence filed the instant lawsuit against Ace, asserting three claims. First, Lawrence seeks a declaratory judgment that Wintersteen was insured under Ace's auto insurance policy for the accident at issue and that Ace's insurance policy provides coverage for the $400,000 unpaid balance of the judgment owed by Wintersteen. Second, Lawrence asserts a claim for Ace to pay the $400,000 in damages. Third, Lawrence asserts a promissory estoppel claim against Ace, alleging that Ace told Jacobs that the Ace policy would provide coverage for accidents that occurred when a Jacobs employee rented a vehicle.

## II. Motion to Intervene

In the instant motion, USAA moves to intervene in this case in order to assert three claims. First, USAA asserts a claim for declaratory judgment and damages. Specifically, USAA asks the Court to declare that Ace's insurance policy provides coverage for Lawrence's claims and that Ace should have paid $242,275 towards the $250,000 that Ace paid under the settlement agreement. Second, USAA asserts a claim for contribution and subrogation against Ace, and USAA asks the Court to enter judgment against Ace in the amount of $242,275. Third, USAA asserts a promissory estoppel claim, alleging that Ace should be estopped from denying coverage because Ace told Jacobs that the Ace policy would provide coverage for accidents that occurred when a Jacobs employee rented a vehicle.

2

Federal Rule of Civil Procedure 24 provides for two types of intervention: (1) intervention of right, and (2) permissive intervention. USAA argues that it meets the requirements for both types of intervention. Because the Court agrees that permissive intervention applies, it will not address intervention of right.

Rule 24(b) provides that "the court may permit anyone to intervene who . . . has a claim . . . that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). It is clear to this Court that USAA's claims share common questions of law and fact with Lawrence's claims; particularly the issue of whether Ace's insurance policy provides coverage for the accident. If that answer is no, both Lawrence's and USAA's claims are simultaneously resolved. If that answer is yes, USAA raises the related issues of the interplay between the USAA policy and Ace's policy.

Rule 24(b) also cautions that "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Ace opposes USAA's motion for permissive intervention, arguing that allowing intervention will inject additional issues into this lawsuit and delay adjudication. While it is true that USAA's intervention will inject additional issues into this lawsuit, the Court finds that those issues are sufficiently related to justify permissive intervention and that they will not unduly delay or prejudice the adjudication of the original parties' rights. Accordingly, the Court concludes that USAA's motion for permissive intervention is granted.

## III. Conclusion

Based on the above, it is ORDERED AND ADJUDGED that:

(1)  USAA Casualty Insurance Company's Motion to Intervene (Doc. No. 19) is

**GRANTED**.

(2)  The parties' Joint Motion to for Extension of Time to Complete Joint Case Management Report (Doc. No. 26) is **GRANTED**. The parties are directed to file a joint case management report by June 4, 2018.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of May, 2018.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record