UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM LAWRENCE,

        Plaintiff,

v.                                             Case No. 8:18-cv-738-T-24 TGW

ACE AMERICAN INSURANCE
COMPANY,

        Defendant.
_____

USAA CASUALTY INSURANCE
COMPANY,

        Intervenor,

v.

ACE AMERICAN INSURANCE
COMPANY,

        Intervenor-Defendant.
_____/

**ORDER**

This cause comes before the Court on ACE's Motion in Limine. (Doc. No. 115). Lawrence and USAA oppose the motion in part. (Doc. No. 119, 120). As explained below, the motion is granted in part.

**I. Background**

This case arises out of a car accident that Jacobs Technology Inc.'s ("Jacobs") employee, Benjamin Wintersteen, caused. Wintersteen took a job with Jacobs that required him to move to Germany, and in the interim, he was temporarily located in Tampa, Florida. While in Tampa, Wintersteen rented cars from Hertz. Jacobs had an arrangement with Hertz to supply discounted

rental cars to its employees. While Wintersteen was driving a Hertz rental car in Tampa to pick up orange juice and fruit for his sick daughter, he was involved in a car accident with William Lawrence. The issue to be determined at trial is whether ACE American Insurance Company's ("ACE") insurance policy issued to Jacobs provides coverage for the car accident under the Hired Autos provision.

## II. Motion in Limine

In the instant motion, ACE asks the Court to exclude testimony and evidence relating to the underlying car accident, such as a description of the car accident, Lawrence's injuries that resulted from the car accident, the liability arguments related to the car accident, Lawrence's subsequent medical treatment, and Lawrence's lost income following the accident. ACE fears that such evidence is irrelevant to the issue to be tried—whether there is coverage for the accident under ACE's policy—and could be used to try to produce a sympathetic reaction from the jury.

Lawrence and USAA respond that ACE's motion is too broad. While they appear to acknowledge that the specific details regarding the seriousness of the accident and resulting injuries are not relevant to the issue of coverage, they argue that certain basic facts need to be presented to the jury in order to provide context for the dispute. Specifically, they intend to present the jury with evidence regarding the following: Lawrence was injured in a car accident caused by Wintersteen; Wintersteen's employer, Jacobs, had insurance through ACE; Lawrence asserted claims against Wintersteen; Wintersteen looked to ACE for coverage; and ACE denied Lawrence's claim under the policy. Additionally, Lawrence and USAA seek to introduce evidence regarding Jacobs' participation in the rental of the car involved in the accident and

2

Jacobs' imposition of certain requirements on Wintersteen as a result of the car accident (i.e., requiring Wintersteen to fill out certain forms, undergo drug testing, and take a safe driving course).

Upon consideration, the Court finds that the motion should be granted to the extent that ACE seeks to exclude testimony and evidence regarding the seriousness of the accident and resulting injuries. The Court agrees with Lawrence and USAA that the background facts relating to the accident discussed above are relevant to the issue to be tried before the jury, and therefore, the Court denies the motion to that extent.

If the jury finds that the Hired Auto provision of ACE's policy provides coverage for the accident, it is unclear whether the parties agree that the amount that ACE would owe USAA and Lawrence need not be determined by the jury. This issue will be addressed at the pretrial conference and could affect the Court's decision regarding the exclusion of evidence relating to Lawrence's injuries and damages.

### III. Conclusion

Based on the above, it is ORDERED AND ADJUDGED that ACE's Motion in Limine (Doc. No. 115) is **GRANTED** to the extent that ACE seeks to exclude testimony and evidence regarding the seriousness of the accident and resulting injuries; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of June, 2019.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

3