UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM LAWRENCE,

    Plaintiff,

v.                                                                         Case No. 8:18-cv-738-T-24 TGW

ACE AMERICAN INSURANCE
COMPANY,

    Defendant.
_____

USAA CASUALTY INSURANCE
COMPANY, individually and as equitable
and contractual subrogee of Benjamin
Wintersteen,

    Intervenor,

v.

ACE AMERICAN INSURANCE
COMPANY,

    Intervenor-Defendant.
_____/

**ORDER**

This cause comes before the Court on Lawrence's Motion for Entitlement to and Award of Attorneys' Fees and Costs. (Doc. No. 180). ACE opposes the motion. (Doc. No. 185). As explained below, the motion is granted in part.

**I. Background**

This consolidated action is an insurance coverage dispute. In August of 2014, Benjamin Wintersteen was employed by Jacobs Technology ("Jacobs") when he was involved in a car accident with William Lawrence. Wintersteen was driving a rental car at the time of the accident, and Jacobs had helped Wintersteen obtain the rental car while he was on a temporary work assignment in Tampa.

1

As a result of the car accident, Lawrence sued Wintersteen in state court. Wintersteen made a claim for coverage under ACE American Insurance Company's ("ACE") commercial automobile insurance policy issued to Jacobs. ACE denied Wintersteen a defense and coverage under the policy.

Wintersteen had personal automobile insurance through USAA Casualty Insurance Company ("USAA"). There was also insurance coverage for the rental car through Hertz.

In May of 2017, Lawrence, Wintersteen, Hertz, and USAA (collectively referred to as "the Settling Parties") stipulated to an entry of a consent judgment to resolve Lawrence's claims from the car accident and to provide a means to collect part of the consent judgment from ACE. Specifically, the Settling Parties stated in their Settlement Agreement that they intended that ACE would be required to pay the amount of the consent judgment that it was legally required to pay had it honored its coverage obligations under the insurance policy.

The Settling Parties stipulated that Lawrence's damages from the car accident were $750,000, and they agreed to the entry of a $750,000 consent judgment in favor of Lawrence and against Wintersteen. In partial satisfaction of the consent judgment, Hertz paid Lawrence $100,000 and USAA paid Lawrence $250,000. Thus, $350,000 was paid by Hertz and USAA on Wintersteen's behalf. In exchange for the $350,000 and an agreement not to execute against Wintersteen on the unpaid $400,000 remaining, Wintersteen assigned to Lawrence all of his claims against ACE.

Thereafter, Lawrence filed this lawsuit against ACE seeking a declaratory judgment of coverage and damages, as well as asserting a claim for coverage based on promissory estoppel.[1]

---

[1] The Court granted ACE summary judgment on Lawrence's promissory estoppel claim. (Doc. No. 114).

2

In May of 2018, this Court granted USAA's motion to intervene to pursue its related claims against ACE for equitable contribution and a declaratory judgment of coverage and damages.

A trial was held in this case to determine whether Jacobs co-rented the car that was involved in the accident. If Jacobs co-rented the car, there would be insurance coverage for the accident under ACE's insurance policy. After the jury returned its verdict, this Court found that Jacobs co-rented the car involved in the accident and that ACE's insurance policy provided coverage for the accident under the Hired Autos provision of the policy. (Doc. No. 165).

On October 9, 2019, judgment was entered in favor of Lawrence and against ACE on the declaratory judgment and damages claim. (Doc. No. 173). The Court awarded Lawrence $400,000 in damages on that claim. (Doc. No. 173). The Court entered judgment in favor of ACE on Lawrence's promissory estoppel claim. (Doc. No. 174).

## II. Attorneys' Fees

Lawrence seeks a ruling from this Court that he is entitled to an award of attorneys' fees pursuant to Florida's Offer of Judgment rule, Florida Statute §768.79. That rule provides the following:

> In any civil action for damages[,] . . . [i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.

Fla. Stat. §768.79(1).

On March 22, 2019, Lawrence filed a notice of serving a demand for judgment against ACE. (Doc. No. 95). Lawrence sought to resolve all of his claims against ACE for $315,000 (Doc. No. 181-1), and Lawrence recovered a judgment against ACE of $400,000, which was more than 25% greater than the $315,000 offered.

3

ACE opposes the motion, arguing that Florida's Offer of Judgment rule is substantive and does not apply to Lawrence's claim that was governed by California law.[2] As explained below, the Court agrees that Florida's Offer of Judgment rule is not applicable to Lawrence's claim.

Lawrence asserted a claim for a declaratory judgment of coverage for the car accident under ACE's policy. ACE argues that Florida's Offer of Judgment rule is not applicable to this claim, because the rule is substantive, and Lawrence's claim is governed by California law. ACE argues that when doing a choice of law analysis, the Court applies the rule of *lex loci contractus*. Furthermore, ACE argues that *lex loci contractus* dictates that California law applies, because that is where ACE's insurance policy that was issued to Jacobs was executed. In analyzing this argument, this Court notes the following:

> A federal district court sitting in diversity must apply the choice of law rules of the forum state. In Florida, the rights and obligations of the parties under an insurance policy are governed by contract law, because they arise out of an insurance contract. In determining which state's laws applies to contracts, Florida continues to adhere to the rule of *lex loci contractus*. That rule, as applied to insurance contracts, provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage.

U.S. Fidelity & Guar. Co. v. Liberty Surplus Ins. Corp., 2007 WL 3275307, at *2 (M.D. Fla. Oct. 31, 2007)(internal citations and quotation marks omitted).

Lawrence's claim for a declaration of insurance coverage is essentially a claim that ACE breached the insurance policy by failing to provide coverage for the accident. Such a claim is governed by California law, and this Court applied California law when interpreting the Hired

---

[2] The Court need not reach ACE's additional argument that Florida's Offer of Judgment rule does not apply in this case due to Lawrence's claim for declaratory judgment.

Autos provision of ACE's policy in order to determine that ACE's policy provided coverage for the car accident.

However, Lawrence argues that the amount of damages that he was awarded was determined under Florida law. Specifically, Lawrence argues that the amount of his damages was established by the settlement agreement that the Settling Parties entered into in the state court action. ACE disputed the reasonableness of the settlement amount and that it was bound by the settlement agreement. The settlement agreement was a <u>Coblentz</u> agreement,[3] and this Court applied Florida law to determine whether ACE was bound by the amount of damages agreed to therein. (Doc. No. 114). After applying Florida law, the Court determined that ACE was bound by the amount of damages set forth in the settlement agreement, because it was a reasonable amount. (Doc. No. 114). Lawrence was awarded $400,000 in damages based on the Court's finding that the amount of damages set forth in the settlement agreement was reasonable.

The Court applied Florida law to the issue of damages, because the parties argued and cited to Florida law. (Doc. No. 102, p. 18-19; Doc. No. 104, p. 10-11; Doc. No. 106, p. 22; Doc. No. 107, p. 22-23). While the application of Florida law to the issue of damages was proper with respect to USAA's claim for equitable contribution that was brought under Florida law, the Court arguably erred in applying Florida law to the issue of damages for Lawrence's claim.

As previously stated, Lawrence's claim was essentially a breach of contract claim for damages, and such a claim should be decided under California law. Under California law, when a insurer denies an insured a defense and coverage, the insured can settle with the claimant, and

---

[3] "A <u>Coblentz</u> agreement is a negotiated final consent judgment entered against an insured which was not defended by the insurer. Generally, under a <u>Coblentz</u> Agreement, an insured defendant 'enter[s] into a settlement that assigns to the plaintiff the insured's rights against the insurer in exchange for a release from personal liability.'" <u>Mobley v. Capitol Specialty Ins.</u>, 2013 WL 3794058, at *2 (S.D. Fla. July 19, 2013).

5

if the settlement amount is reasonable and coverage is shown to exist, the insurer will be bound by the settlement amount. See Samson v. Transamerica Ins. Co., 30 Cal.3d 220, 240-43 (Cal. 1981); Pruyn v. Agricultural Ins. Co., 36 Cal. App. 4th 500, 509 (Ct. App. 1995); Hamilton v. Maryland Cas. Co., 247 Cal. 4th 718, 728-29 (Cal. 2002); Risely v. Interinsurance Exchange of Automobile Club, 183 Cal. App. 4th 196, 208 (Ct. App. 2010). Both Florida and California law look at the reasonableness of the settlement agreement in order to determine if the insurer is bound by it. Thus, while this Court cited to Florida cases in its analysis of this issue, the similar California law applied to Lawrence's claim and led to the same result that ACE was bound by the amount of damages set forth in the settlement agreement. Thus, Lawrence's declaratory judgment and damages claim was decided under California law.

Next, Lawrence argues that Florida's Offer of Judgment rule applies to cases tried in Florida, even if the substantive law that governs some of the issues is that of another state. However, as explained above, Florida law did not apply to any of the issues in Lawrence's case.[4]

Next, Lawrence argues that pursuant to the conflicts doctrine of dépeçage,[5] this Court can apply Florida law to the issue of whether ACE unreasonably continued this litigation by failing to accept his offer of judgment. Lawrence then argues that the Court should apply the most significant relationship test to the issue of whether ACE unreasonably continued this litigation by failing to accept his offer of judgment. The Court is not persuaded by this argument, as

---

[4] To the extent that Lawrence argues that the Court applied Florida law when awarding Lawrence prejudgment interest, the Court awarded prejudgment because ACE did not respond to Lawrence's request for it. (Doc. No. 167, 168, 172). As such, this is not a basis to find that the Court applied Florida law to Lawrence's case.

[5] "Under the doctrine of dépeçage, which is recognized by the Restatement, *see* Restatement (Second) of Conflict of Laws § 145, cmt. d, courts resolve conflicts of laws on an issue-by-issue, rather than a case-by-case basis." Dish Network L.L.C. v. TV Net Solutions, LLC, 2014 WL 6685366, at *4 (M.D. Fla. Oct. 10, 2014)(citation omitted).

Lawrence has failed to cite to any Florida cases in which the court applied the doctrine of dépeçage and determined that Florida's Offer of Judgment rule applied to claims based on another state's substantive law. Accordingly, the Court agrees with ACE that Florida's Offer of Judgment rule is not applicable to Lawrence's claim, which was decided under California law.

### III. Costs

Lawrence, as a prevailing party, seeks an award of $2,529.04 in costs. Lawrence contends that he is entitled to his costs under Florida's Offer of Judgment rule; however, the Court has found that rule to be inapplicable to his claims. Instead, the Court will evaluate his request for costs under Federal Rule of Civil Procedure 54(d). In doing so, the Court is mindful of the following:

> A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. Congress has delineated which costs are recoverable under Rule 54(d), Fed.R.Civ.P. The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. The Court, however, may not tax as costs any items not authorized by statute. When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party.

Monelus v. Tocodrian, Inc., 609 F. Supp.2d 1328, 1332-33 (S.D. Fla. 2009)(internal citations omitted).

Lawrence seeks three categories of costs: (1) $15 in fees to the Clerk; (2) $270 in fees for service; and (3) $2,244.04 in fees for transcripts. ACE does not oppose Lawrence's request for reimbursement for the costs of fees to the Clerk and for service, and accordingly, Lawrence is awarded those costs, totaling $285.

ACE opposes Lawrence's request for $2,244.04 for transcripts. This amount can be divided into two parts: (1) costs related to specific transcripts totaling $1,671.85, and (2) costs

7

related to unknown services totaling $572.19.  With respect to the costs of transcripts, ACE argues that the Court should apply a .15 *photocopying* charge to the per page transcript cost.  It appears that ACE has incorrectly applied the law regarding a reasonable photocopying rate to the costs recoverable for transcripts.  The Court overrules ACE's objections to the amount sought for these transcripts.  Furthermore, the Court overrules ACE's argument that these transcripts (which were of Lawrence, Early, Wheeler, and Wintersteen) were not necessarily obtained for use in the case, as they were used in connection with the parties' motions for summary judgment.  Accordingly, Lawrence is awarded those costs, totaling $1,671.85.

Next, ACE opposes the two costs related to unknown services, totaling $572.19.  One of the invoices is for $150, and it contains no explanation as to what the charge is for.  (Doc. No. 175, p. 13).  The other invoice is for $422.19, it is from a company named Connexus, and it is for videoconference services.  (Doc. No. 175, p. 14).  However, it is unclear what the videoconference services relate to.  Accordingly, the denies this portion of Lawrence's request for costs without prejudice.  Lawrence may file a renewed motion directed at these two costs that explains what the costs are for and why they are taxable.  If a renewed motion is not filed, the Clerk will tax costs in the amount of $1,956.85

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Lawrence's Motion for Entitlement to and Award of Attorneys' Fees and Costs (Doc. No. 180) is **GRANTED IN PART AND DENIED IN PART:** The motion is denied as to Lawrence's request for attorneys' fees, the motion is denied without prejudice as to Lawrence's request for $572.19 for unexplained costs, and the motion is granted as to Lawrence's request for $1,956.85 in costs.

8

(2) If Lawrence wants to file a renewed motion for the unexplained costs, he must do so by *November 22, 2019*. The Court will tax costs after the renewed motion is filed or after the deadline if no motion is filed.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of November, 2019.

*[Signature]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record